UNITED STATES of America,
Appellee,

v.

Mark A. SHAPIRO, Appellant–
Defendant.

Docket No. 01–1305.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2002.

Martin K. Leppo, Leppo & Leppo, Randolph, MA, for Appellant.

Nora R. Dannehy, Assistant United States Attorney; John A. Danaher III, United States Attorney, District of Connecticut, Leonard C. Boyle and Jeffrey A. Meyer, Assistant United States Attorneys, of counsel, Hartford, CN, for Appellee.

Present SACK, KATZMANN, and B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

On December 9, 1998, the defendant pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371. *United States v. Shapiro,* 127 F.Supp.2d 94, 95 (D.Conn.2001). On April 21, 2000, the defendant submitted a motion to withdraw his guilty plea, which the district court denied on January 4, 2001, after an evidentiary hearing. *Id.* at 95–96. The district court then sentenced the defendant to thirty months in prison and ordered him to pay $353,896 in restitution to the bank he is accused of defrauding.

■ In this appeal, the defendant raises a variety of arguments challenging the district court's denial of his motion to withdraw his plea and its calculation of the loss amount for purposes of sentencing and restitution. We review the district court's decision on a motion to withdraw a plea for abuse of discretion. *United States v. Karro,* 257 F.3d 112, 117 (2d Cir.2001). The district court's related findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo.* *United States v. Gregory,* 245 F.3d 160, 164 (2d Cir.2001). Similarly, we review the district court's factual findings on loss calculation for clear error and its conclusions of law *de novo.* *United States v. Carboni,* 204 F.3d 39, 46 (2d Cir.2000).

■ The defendant's first argument is that he should be allowed to withdraw his plea because he entered it on the admittedly mistaken belief that the government had secretly promised him to refrain from prosecuting his wife in exchange for his plea. We doubt that the defendant's plea would have been involuntary even if he were laboring under such a belief, given that the government in fact never prosecuted his wife. *See United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997) (to succeed in a motion to withdraw, a defen-

---

* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

dant must "raise a significant question about the voluntariness of the original plea"). However, we need not reach this question, because the district court found that the defendant never actually believed in the existence of a secret promise, and we conclude that this finding was not clearly erroneous. *See Shapiro,* 127 F.Supp.2d at 100. The defendant stated at his plea allocution under pain of perjury that no one had made any promises to him other than those specified in the plea agreement, which does not mention prosecution of his wife. *Id.* at 97. We have no reason to believe that the defendant's statement was untrue: Pleas in exchange for a promise by the government not to prosecute a third party are valid, *see United States v. Marquez,* 909 F.2d 738, 742 (2d Cir.1990), and so the defendant would not have been under pressure to conceal a promise if one existed.

■■■ The defendant next argues that he should be allowed to withdraw his plea because the bank he misled never relied upon his false statements. However, actual reliance is not an element of bank fraud. *Neder v. United States,* 527 U.S. 1, 24–25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The government must prove only that the defendant's misrepresentations were material, *id.* at 25, 119 S.Ct. 1827, which in this case is not disputed. We also reject the defendant's argument that he should be allowed to withdraw his plea because the bank was also engaged in fraud and thus had "unclean hands." It is no defense to a criminal charge to say that one's victim is also a criminal. For similar reasons, we reject the defendant's argument that he received ineffective assistance of counsel because his attorney allegedly failed to adequately investigate the bank's activities.

■■■ We also reject the defendant's argument that the district court improperly calculated the loss amount. The defendant

admitted in his plea allocution that his actions caused loss to the bank. *Shapiro,* 127 F.Supp.2d at 97. We see no error in the district court's determination that the bank actually lost $353,896 on the loan induced by the defendant's false statements. Thus, the district court properly used the figure $353,896 in calculating the loss and restitution amounts. *See* U.S.S.G. § 2F1.1 comment. (n.8(b)) ("In fraudulent loan application cases ... the loss is the actual loss to the victim....").

We find the defendant's remaining arguments to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.